MURDOCK, Justice
(dissenting).
The Court today affirms a decision of the trial court that relies on this Court’s opinion in Nationwide Mutual Fire Insurance Co. v. Austin, 34 So.3d 1238 (Ala.2009), to hold that State Farm Mutual Automobile Insurance Company owes nothing to its insureds, Walter George Austin and Charlene Austin, in relation to a judgment obtained by the Austins against a third-party tortfeasor. This Court’s opinion in Nationwide concerned the liability of the Austins’ primary insurer, Nationwide — specifically, the effect on Nationwide’s contractual liability to the Austins of a clause in its policy providing for a reduction of Nationwide’s obligation to the Austins for uninsured/underinsured-motorist (“UM”) coverage, in an amount equal to the amount of any payments made by Nationwide under a separate medical-payment clause in the same policy. As the author of this Court’s opinion in Nationwide, I do not see in it, either expressly or implicitly, the meaning necessarily drawn from it by the trial court and essential to the outcome reached by the trial court and by this Court.
It is important to take stock of what this Court did and did not do in Nationwide. In Nationwide, we concerned ourselves with, and we addressed only, the measure of Nationwide’s obligation under the UM provision of its policy. We did not concern ourselves with or address the measure of the obligation of the Austins’ secondary insurer, State Farm, under the UM provision of its policy. In Nationwide, we held that Nationwide’s contractual obligation under the terms of its particular policy had been satisfied. We did not hold that the *655 judgment obtained by the Austins against the third-party tortfeasor had been satisfied.
The contractual terms of State Farm’s secondary, or “excess,” policy provides that State Farm’s obligation to the Austins is to be calculated as follows: an amount equal to the damages ascertained at trial to be owed by the tortfeasor, less any amount paid “for such damages” by the tortfeasor or a third-party insurer standing in the place of the tortfeasor. Unlike Nationwide’s policy, State Farm’s policy contains no setoff for any amount paid for medical expenses — much less an amount paid by some other insurer. In the case of Walter Austin, the amount ascertained by a jury to be owed by the tortfeasor was $180,000. The fact is that, for whatever reason (the reason not being of any concern for purposes of State Farm’s contract), Nationwide paid only $95,000 against this particular award. State Farm’s contractual obligation must be calculated accordingly. A similar calculation is required by the State Farm contract as to the amount owed Charlene Austin.